IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

PETE SMITH,

      Movant,

v.                                 Case No. 2:05-cv-00240

WARDEN MENIFEE[1],

      Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending are Movant, Pete Smith's, Motion for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (docket sheet document # 2) and an Application to Proceed *in forma pauperis* (# 1). This matter was referred to the undersigned Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**PETITIONER'S CLAIM**

Petitioner's section 2241 petition states in pertinent part:

> Petitioner was sentence[d] and convicted in the Middle district of North Carolina in 1993. Petitioner have received finance support for the last 13 years by his common law girlfriend Jacquetta Burnside. Now the

---

[1] Warden Menifee is the Warden of USP Pollock, in Pollack, LA, where Petitioner is presently incarcerated. On April 1, 2005, Petitioner filed a "Motion of a letter/correct error" indicating that "my petition above is against the probation office of West Virginia, not against the Warden Menifee." (# 4). The proper respondent in a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, however, is the warden of the correctional facility where the petitioner is incarcerated. Accordingly, Petitioner's letter-form motion to correct error is hereby **DENIED**.

>petitioner soon to be released possibly July 2005 and petitioner have a release address with girlfriend in West Va. The warden petition the Southern District of West Virginia the probation office for approve of transfer release the petitioner to their jurisdiction and the W. Va. probation office denied accept the petitioner. If the petitioner get released back to arresting jurisdiction halfway house when his halfway house time is due, petitioner must go to a homeless shelter.
>
>**Relief**, petitioner have been denied due process by the Southern District of West Virginia of 14th and 5th Amendments and now request for a court order approve to be release to the halfway house (community correct center) in the west Virginia district.

(# 2 at 6). Petitioner has also attached a February 1, 2005 letter to the Warden at USP Pollock from Senior United States Probation Officer Brett S. Taylor with the United States Probation Department for the Southern District of West Virginia. The letter states:

>Mr. Smith's request for relocation to the Southern District of West Virginia is denied. Mr. Smith has no ties to our district and he has been in custody for the past 12 years.
>
>The person with whom he proposed residence is an individual known to Mr. Smith for a brief period during 1992 and 1993. In fact, Ms. Burnside was charged in the State of Tennessee with illegal drug activity during 1992 with Mr. Smith.
>
>Relocation to Southern West Virginia is not an appropriate consideration for this offender.

(<u>Id.</u> at 7).

## ANALYSIS

Section 2241(a) of Title 28, United States Code, provides that "writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within

2


their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241(c) provides in pertinent part that such a writ shall not extend to a prisoner unless "[the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c).

Petitioner is not claiming that he is presently in custody in violation of the Constitution or laws or treaties of the United States. Rather, he asserts that he has been denied due process because the United States Probation Office for the Southern District of West Virginia has denied his request to transfer his supervision to this district, at some time in the future, upon his release from incarceration.

Petitioner was neither convicted in this district, nor is he presently incarcerated here. Petitioner was convicted in the United States District Court for the Middle District of North Carolina and he is presently incarcerated in a facility located within the jurisdiction of the United States District Court for the Western District of Louisiana.

The undersigned proposes that the presiding District **FIND** that the United States District Court for the Southern District of West Virginia lacks jurisdiction over Petitioner's claim. Thus, it is respectfully **RECOMMENDED** that the District Court **DENY** Petitioner's section 2241 motion (# 2) and his Application to Proceed in forma pauperis (# 1).

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

<u>April 4, 2005</u>　　　　　　　　　*Mary E. Stanley*
　　　Date　　　　　　　　　　　　Mary E. Stanley
　　　　　　　　　　　　　　　　　United States Magistrate Judge

5